**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | | |
|---|---|---|
| **BARKAN WIRELESS ACCESS** | § | |
| **TECHNOLOGIES, L.P.** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **Civ. Action No.  2:16-cv-293** |
| **v.** | § | |
| | § | **JURY DEMANDED** |
| **CELLCO PARTNERSHIP D/B/A** | § | |
| **VERIZON WIRELESS; AND** | § | |
| **VERIZON COMMUNICATIONS, INC.,** | § | |
| | | |
| *Defendants.* | | |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Barkan Wireless Access Technologies, L.P. ("Barkan" or "Plaintiff")
files this complaint for patent infringement against Cellco Partnership d/b/a/ Verizon
Wireless, and Verizon Communications, Inc. (collectively "Verizon" or "Defendants")
and states as follows:

### THE PARTIES

1.     Plaintiff Barkan Wireless Access Technologies, L.P. is a limited
partnership organized under the laws of Texas with its principal place of business in
Allen, Texas.

2.     Defendant Cellco Partnership d/b/a Verizon Wireless ("Cellco") is a
general partnership organized under the laws of Delaware, with a principal place of
business in Basking Ridge, NJ.  It can be served with process by serving the Texas
Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service
because it engages in business in Texas but has not designated or maintained a resident

agent for service of process in Texas as required by statute.  It has a principal place of business at One Verizon Way; Basking Ridge, NJ 07920.

3.      Defendant Verizon Communications, Inc. is a corporation organized under the laws of Delaware, with a principal place of business in New York, NY. It can be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701, as its agent for service because it engages in business in Texas but has not designated or maintained a resident agent for service of process in Texas as required by statute. It has a principal place of business at 140 West Street; New York, NY 10007.

4.      Cellco and Verizon Communications, Inc. are collectively referred to herein as "Verizon."

## JURISDICTION AND VENUE

5.      This is an action for patent infringement arising under the patent laws of the United States, Title 35, United States Code.   Jurisdiction as to these claims is conferred on this Court by 35 U.S.C. §§1331 and 1338(a).

6.      Venue is proper within this District under 28 U.S.C. §§1391 and 1400(b). On information and belief, Verizon has committed acts of infringement in this District, has purposely transacted business in this District, has advertised and solicited business in this District, has committed acts of infringement in this District, and has established minimum contacts within this District.

7.      This Court has personal jurisdiction over Verizon because, on information and belief, Verizon has conducted and does conduct business within this District, has committed acts of infringement in this District, and continues to commit acts of infringement in this District.   On information and belief, Verizon generates millions of

dollars of revenue in this District.  On information and belief, at least thousands of residents within this District use Verizon's telecommunications system.

## FIRST CLAIM FOR PATENT INFRINGEMENT ('306 PATENT)

8.      Barkan incorporates by reference paragraphs 1-7 as if fully set forth herein.

9.      On May 26, 2015, United States Patent No. 9,042,306 ("the '306 patent") entitled "Wireless Internet System and Method" was duly and legally issued after full and fair examination.  Barkan is the owner of all right, title, and interest in and to the '306 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.  The '306 patent is attached hereto as Exhibit A.

10.      The '306 patent is valid and enforceable.

11.      Verizon offers for sale and sells the following mobile telephones that have the capability to connect to the Verizon broadband wireless network as well as providing a local area network (LAN) over which other devices may connect to the Verizon wireless network including, by way of example and without limitation: Apple iPhone 4S, Apple iPhone 5, Apple iPhone 5c, Apple iPhone 5s, Apple iPhone 6, Apple iPhone 6 Plus, Apple iPhone SE and all past, present and future cellular phones that offer connectivity to other devices to the Verizon network over a local area network provided by the device (the "Accused Phones").

12.      In addition to the Accused Phones, Verizon also offers for sale and sells the following tablet devices that have the capability to connect to the Verizon broadband wireless network as well as providing a local area network (LAN) over which other

devices may connect to the Verizon wireless network: Verizon Jetpack 4G LTE Mobile Hotspot – AC791L, Verizon Jetpack MiFi 6620L, Verizon Ellipsis Jetpack MHS800L, Apple iPad Air, Apple iPad Mini with Retina display, Samsung Galaxy Tab 4 8.0 and all past, present and future tablets that offer connectivity to other devices to the Verizon network over a local area network provided by the device (these and all similar mobile tablets referred to herein as the "Accused Tablets").  The Accused Phones and Accused Tablets are collectively referred to herein as the "Accused Devices."

13.     Whether or not a subscriber may utilize the mobile hotspot or tethering feature of an Accused Device is controlled by Verizon.

14.     A subscriber who purchases one of the Accused Devices must subscribe to a Verizon data plan to use the device to connect to the internet over Verizon's wireless network. In order for an Accused Device to be connected to Verizon's wireless system, the device must have a SIM card provided by Verizon that contains information that is associated with a subscriber's account and which enables the Accused Device to be used on Verizon's wireless network. In fact, a SIM card can be purchased by or reprogrammed for a subscriber to enable a device not purchased through Verizon to be used on Verizon's wireless network (any such phone, tablet or other device utilizing a Verizon SIM card and providing a LAN for tethering or otherwise connecting other devices, is also included within the definition of "Accused Devices"). The SIM card is the key by which Verizon controls which devices may connect to the Verizon wireless network. Without Verizon's SIM card, the Accused Device is useless for its intended purpose of facilitating wireless communications over a wireless network, although certain features such as calculator or camera functionality may still be used. The code, data and/or other

information stored on the SIM card that facilitate Verizon's control over which devices may be connected to the Verizon wireless communications network. The SIM card identifies the subscriber to Verizon's network and facilitates Verizon in billing the user for the services that the subscriber uses. In addition, in the event the subscriber's service or subscription is terminated, Verizon may de-activate the device via the use of the code, data and/or other information stored on the SIM card so that the device cannot connect to the Verizon telecommunications network.

15.     At least as to the Accused Phones and the Accused Tablets, the data plan typically, without additional fees, only allows the device itself to connect to the Verizon wireless network. In order to connect other devices through the LAN provided by one of the Accused Phones or the Accused Tablets, historically, a subscriber has paid an additional fee or subscribed to a more expensive and a higher capacity data plan for the ability to "tether" additional devices through the Accused Phone or Accused Tablet over the LAN provided by same.  More recently, "tethering" appears to be included in some Verizon data plans.  Even when an additional fee is not charged by Verizon for tethering and/or mobile hotspot service, the use of tethering and/or mobile hotspot service results in a higher amount of data downloaded by a subscriber which, in turn, results in higher fees to Verizon. Telecommunications services offered for sale and sold by Verizon in connection with the Accused Devices, including but not limited to the "Tethering" services, the "mobile hotspot" service, and the services sold in connection with data plans associated with the Accused Base Stations, are referred to herein as the "Accused Services."

16.     Upon information and belief, Verizon has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '306 patent in this judicial district and elsewhere in the United States, by advertising for sale, selling, making, using, and importing computing devices including, without limitation, the Accused Devices, and other computing devices that provide a network access point (i.e., "Hotspot").

17.     Upon information and belief, Verizon has also infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '306 patent in this judicial district and elsewhere in the United States, by advertising for sale, selling, making, using, and importing systems including, without limitation, systems that provide the Accused Services and other systems that support network access point capability.

18.     Verizon has been at no time, either expressly or impliedly, licensed under the '306 patent.

19.     Barkan is in compliance with 35 U.S.C. § 287.

20.     Verizon's acts of infringement have caused damage to Barkan.  Barkan is entitled to recover from Verizon the damages sustained by Barkan as a result of the wrongful acts of Verizon in an amount subject to proof at trial.

21.     Barkan reserves the right to amend to assert a claim of willful infringement if the evidence obtained in discovery supports such assertion.

**SECOND CLAIM FOR PATENT INFRINGEMENT ('369 PATENT)**

22.     Barkan incorporates by reference paragraphs 1-22 as if fully set forth herein.

23.     On October 13, 2013, United States Patent No. 8,559,369 ("the '369 patent") entitled "Wireless Internet System and Method" was duly and legally issued after full and fair examination.  Barkan is the owner of all right, title, and interest in and to the '369 patent by assignment, with full right to bring suit to enforce the patent, including the right to recover for past infringement damages and the right to recover future royalties, damages, and income.  The '369 patent is attached hereto as Exhibit B.

24.     The '369 patent is valid and enforceable.

25.     Upon information and belief, Verizon has infringed and continues to infringe (literally and/or under the doctrine of equivalents) one or more claims of the '369 patent in this judicial district and elsewhere in the United States, by advertising for sale, selling, making, using, and importing computing devices including, without limitation, the Accused Devices, and other computing devices that provide a network access point (i.e., "Hotspot").

26.     Verizon has been at no time, either expressly or impliedly, licensed under the '369 patent.

27.     Barkan is in compliance with 35 U.S.C. § 287.

28.     Verizon's acts of infringement have caused damage to Barkan.  Barkan is entitled to recover from Verizon the damages sustained by Barkan as a result of the wrongful acts of Verizon in an amount subject to proof at trial.

29.     Barkan reserves the right to amend to assert a claim of willful infringement if the evidence obtained in discovery supports such assertion.

## DEMAND FOR JURY TRIAL

Barkan hereby demands a jury for all issues so triable.

## **PRAYER**

WHEREFORE, Barkan respectfully requests that the Court:

1.      Enter judgment that Verizon has infringed the '306 and '369 patents;

2.      Award Barkan compensatory damages for Verizon's infringement of the '306 and '369 patents, together with enhanced damages, costs, and pre-and post-judgment interest; and

3.      Award any other relief deemed just and equitable.

DATED: March 29, 2016                    Respectfully submitted,


                                         /s/ *Robert D. Katz*
                                         Robert D. Katz
                                         Lead Attorney
                                         State Bar No. 24057936
                                         Email: rkatz@katzfirm.com
                                         **KATZ PLLC**
                                         6060 N. Central Expressway, Suite 560
                                         Dallas, TX 75206
                                         Phone: (214) 865-8000
                                         Fax: (888) 231-5775

                                         Stafford Davis
                                         State Bar No. 24054605
                                         Email: sdavis@stafforddavisfirm.com
                                         **THE STAFFORD DAVIS FIRM, PC**
                                         102 N. College Avenue, Thirteenth Floor
                                         Tyler, TX 75702
                                         Phone: (903) 593-7000
                                         Fax: (903) 703-7369

                                         **ATTORNEYS FOR PLAINTIFF
                                         BARKAN WIRELESS ACCESS
                                         TECHNOLOGIES, L.P.**